*Y vn-.s, J.
The important and material facts set forth in the bill, upon which the appellant’s equity is founded, are not dfenied in the answer. On the contrary, it is admitted, that the contract was rescinded on the first of August, 1815; but the respondents state, that the amount of damages for which the appellant is liable, far exceed the instalments sued for, so that the question presented is, whether, under the circumstances disclosed by the bill and answer, he is entitled to relief: for, if he is so entitled, then the injunction ought to have been continued or modified.
If the facts and circumstances constituting the appellant’s equity, as stated in the bill, had been denied by the respondents. the dissolution of the injunction would have been correct and proper ; but the mere estimate in the answer of the respondents, that the damages sustained exceed the amount of the instalments claimed, clearly showing matter in avoidance, which they are bound to establish, and which the appellant might, disprove, I am inclined to think, was not sufficient ground to dissolve the injunction ; the inquiry, then, must be pursued, whether, from the bill and answer before us, the appellant is entitled to the relief sought for.
The chancellor’s reasoning is conclusive in my mind, that *290 White, Taylor & White, as parties to the association, were not bound to contribute rateably. to all losses and charges. They did, to be sure, agree to take two shares of the company stock , at the time the covenant was entered into with the appellant; but it was on condition, that they were to be exempted from any assessment which had or should be made, until the machinery was furnished, and the manufactory in operation. This never took place. The case, therefore, never occurred, when they could be called upon for any assessment.
It is clear, that the covenant of the appellant to pay the three instalments, for which the action at law was commenced, is an independent, covenant, which he was held at law to perform ; and if the respondents had proceeded in the prosecution of the work, and performance of the contract, on their part, equity could not have interposed to prevent a recovery of the whole amount to be paid ; because it is not *in the power of one party alone to rescind the contract; but as such performance cannot be pretended, and although the respondents cannot be blamed in desisting, in safety to themselves, from proceeding in it, yet the contract must be deemed to have been rescinded by mutual assent, which places the rights of the parties under it on different grounds.
There can be no doubt, if the work on the machinery had never been commenced, and nothing done under the contract, that on an attempt at law to recover the instalments, a court of equity would have afforded relief; and I can see no reason why the appellant is not entitled to relief, where the contract has been partially performed, especially where so inconsiderable a part , of the work had been done at the time of rescinding. It does not destroy the appellant’s claim to relief, to say, that the contract would have been fulfilled, if the instalments had been regularly paid, because the failure of payment was inevitable, and not under the control of the appellant; the source from whence the payments were to have been derived, was known to both parties ; and, having failed, it is evident that the disappointment must have been equally unexpected to both, because the respondents, although, technically speaking, they contracted with the appellant, individually, yet they must have known that the payments were to be drawn from the assessments to be made ; for they signed the articles of copart-nership on the express condition or stipulation against assessments on themselves, until the factory should be in operation. The appellant is, therefore, not chargeable with fraud or collusion, and cannot, on that account, under the circumstances of the case, be deprived of the required relief. I do not mean to be understood as urging, that because the respondents acquiesced, and discontinued their work, after the receipt of the notice in August, they are not entitled to a just compensation for their previous expenditures, with regard to the machinery ; on the contrary, a perfect indemnity ought to be *291 extended to them, the ¡measure of which, however, being uncertain and contested, I object to its being decided by the respondents, according to their own appraisement, in their answer ; for they would thus, although parties in interest, be made judges in their own cause. The ^compensation and damages can be fairly and satisfactorily ascertained in another way ; and it ought to be done by a jury, on an issue of quantum damnificatus, or by a master on reference, giving the party, in either case, an ample opportunity to be heard. A determination thus made by judgment of law, would be altogether unexceptionable, and consonant to the soundest principles of equity.
The general principle is well established, that equity.will relieve where a penalty is forfeited, by decreeing to the party his actual damages ; (12 Vese-y, 282. 475.) but where the damages are stipulated, it is settled, that equity will not relieve against them. (2 Vernon, 119.) In the case before us, the instalments being a part of the price or value of the whole machinery to be made, shows most conclusively, that they cannot be taken in the nature of stipulated damages ; but if even they were to be so considered, they must of necessity be apportioned according to the injury sustained ; and to say that this apportionment can be made by the party interested, would be extending a principle, as to the effect of an answer, which would not unfrequently be attended with manifest injustice. I am inclined to the opinion, that according to the principles on which it appears to me the injunction was dissolved, the respondents, on prosecuting for the amount of the remaining instalments, in their answers to other bills which might be filed for relief, would not be precluded from doing away the equity, by swearing that the damages exceeded the amount of those instalments. It is therefore peculiarly fit and proper, that the inquiry, as to the damages, should be made in the manner before stated, by which the points in controversy would be determined, in a manner more satisfactory, in settling the rights of the respective parties.
I cannot accede to the principle, that a court of chancery is restricted, in giving relief, to cases of absolute'-iorfeiture or penalty only. Relief may be granted against the breach of an agreement not wilful or fraudulent, where a full compensation can be made, so as to render the party perfectly secure and indemnified, and place him in the same situation as if the occurrence had not happened ; especially, when it approaches so near to a case of forfeiture as the present. *Maddock, in his Treatise, (I Madd. Equ. p. 28.) says, “ at law a covenant must be strictly and literally performed ; in equity it is sufficient. if it be really and substantially performed, according to the true intent and meaning of the parties, as far as circumstances will admit; but if by unavoidable accident, if by fraud, by surprise or ignorance not wilful, parties have been prevent *292 ed from executing it literally, a court of equity will interfere, an(l, upon compensation being made, the party having done every thing in his power, and being prevented by the means alluded to, will give relief.” In Eaton v. Lyon, (3 Ves. jun. 692.) the same doctrine is maintained. In the present case there could have been no full performance, because the contract had been rescinded; but suppose the appellant had advanced two thirds of the price of the machinery, and after the work had advanced to a certain extent, say one tenth of what was to be done, he had given notice of the failure of the funds to be derived from assessments, from which he expected to be reimbursed, and to be enabled to pay the balance due on the work when completed, and the respondents, in consequence of this notice, had desisted, but, afterwards, claimed to retain the amount received, would not equity relieve as to the portion of the work unfinished ? And would not this attempt to retain the whole amount paid, be a claim, in the nature of a forfeiture, sufficient to authorize a court of chancery to interfere ? It certainly would be so considered ; and if I am correct in the principle stated, it is equally applicable to the present case, which, as the covenants are independent, in a strictly legal sense, would authorize an exaction of the whole price, without regarding a deduction for the part not performed. There is no essential distinction between the two cases, and it must, therefore, be viewed by a court of equity as a case in the nature of a forfeiture, although not literally so.
My opinion, accordingly, is, that the decretal order of the Court of Chancery be reversed, that the cause be remanded, with directions that the injunction be continued, to the end that the damages sustained by the respondents may be ascertained in the manner before stated, by which the amount of the recovery must be controlled.
#Platt, J.
The covenant to furnish the machinery, and the covenant to pay for it, are admitted to be independent covenants; and the equity set up in the complainant’s bill has a double aspect: First, as against the respondents, White, Taylor 8f White, the bill charges, that they are asserting their claim at law for part of the price included in the three first instalments of the contract; that White, Taylor fy White have not, at any time since the execution of the agreement, performed any part of it, on their part; and that they are utterly insolvent: so that if they should be allowed to recover the price of the machinery, or any part of it, there can be no remedy for a breach of the covenant on their part; and, secondly, that if the appellant is obliged to pay the amount recoverable at law, in the suit against him, the other original associates may be compelled to contribute.
The chancellor has dissolved the injunction; and thereby decided, that upon the bill and answer merely, the suit at law *293 for those instalments ought not, as a preliminary measure, to be restrained.
The general rule is well established, that if the answer denies explicitly and positively, the grounds on which the equity of the bill rests, the injunction to stay the remedy at law must be dissolved. I see nothing in this case to form an exception to that rule ; and if so, the answers of John White and Marvin White, directly responsive to the gravamen of the bill, do expressly, and most strongly, deny the complainant’s equity.
They deny that they contracted with the appellant merely as agent of the manufacturing company ; and swear, that they relied upon his individual responsibility alone, in making that contract.
They deny (if that were material) that they ever received notice from the appellant of his intention to abandon the agreement, until after the three first instalments became due. And they swear, that instead of neglecting to fulfil the contract on their part, as the bill charges, they commenced the performance of the agreement immediately after it was made; that they employed twenty workmen besides themselves, in manufacturing the machinery; that they prosecuted the work in good faith; and that, at the #time when the appellant gave them notice of abandonment, (1st of August, 1815,) they had actually expended in labor and materials, for that machinery, upwards of 3,000 dollars; and which had so depreciated, as not to be worth more than 400 dollars, at the time of filing their answers. The injustice and hardship complained of in the bill is, that White, Taylor &f White were taking an unfair advantage, and abusing their legal rights under the independent covenants, by suing for the three first instalments, without having performed any part of the contract, and not having earned any thing, as a consideration or equivalent for those in-stalments : this was an essential and indispensable allegation in the bill, without which no injunction would have been granted ; the prayer for an injunction would have contained no equity, if the bill had not charged the fact, that White, Taylor &f White had not proceeded in the execution of the agreement pari passu with the stipulated payments. The answers are, therefore, on that point, strictly responsive to the bill; and they positively, explicitly, and circumstantially, deny that allegation. The respondents confess their insolvency ; but swear, that it has been occasioned solely by the appellant himself, in refusing to fulfil that contract. These answers we are bound to take as true, in respect to the injunction, in this stage of the cause; and if so, the right of these respondents to recover 1,900 dollars, with interest, as established at law, seems to me to be perfectly consonant with the principles of equity.
Whether the respondents will be entitled, in any form, to recover damages beyond the instalments which fell due under the contract, before it was mutually abandoned by the parties, *294 or on what principles any ulterior claims are to be adjusted, are questions not before us on this appeal.
March 31st.
My opinion is, that the. decretal order for dissolving the injunction ought to be affirmed.
Childs and Hascall, Senators,
were of the same opinion. ^y¡ t[le ot]ier senators concurred in the opinions delivered by Mr. Justice Spencer and Mr. Justice Yates, that the decretal order of the chancellor ought to be reversed: It was, thereupon, ordered, adjudged, and decreed, that #the order dissolving the injunction be reversed, and'that the injunction be continued until the hearing, on the appellant’s confessing judgment in the suit at law, with leave to the respondents to enter up the same; and that proceedings be had in the Court of Chancery, either by a reference to a master, or an issue at law, to ascertain the damages, if any, sustained by the respondents, by the non-execution or rescinding of the contract, on the part of the appellant, to the end, that the respondents levy those damages only on execution : and it is further ordered, &c. that the record be remitted, <fcc.
Decree of reversal