WEEKS v. RECTOR, ETC., OF TRINITY CHURCH IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 21, 1900.)

1. BUILDING CONTRACTS—IMPLIED OBLIGATIONS.

Under Consolidation Act, § 503, requiring property owners to procure a permit to build before proceeding with the work, where a contract for the erection of a building requires the contractor to proceed with the work promptly and diligently an implied obligation is imposed on the owner to procure the permit to enable the contractor to proceed with the work, and for a breach of such obligation the contractor may recover such damages as he may have been occasioned.

2. SAME—BREACH OF CONTRACT—ACTION FOR DAMAGES—QUESTION FOR JURY.

In an action by a contractor to recover damages sustained by the owner's failure to obtain a building permit, resulting in the work being suspended, evidence from which it might be inferred that the specifications were not filed until after the contract was made, and were so defective that the building superintendent refused a permit, and that the owner's attention was called to the defect, which he neglected to remedy until it was too late to obtain the permit, is sufficient to entitle the contractor to have submitted to the jury whether the owner had not failed to perform his obligation to procure the permit for the erection of the building.

3. SAME—DEFENSES.

In an action by a contractor to recover damages sustained by an owner's failure to procure a building permit, resulting in the work being suspended, that there was an implied condition in the contract that the work was not to be commenced until a permit was obtained cannot relieve defendant; there being another implied condition that defendant would

obtain the permit in time to allow the contractor to proceed with his work as his contract required.

**4. SAME.**

In an action by a contractor for damages sustained by an owner's failure to procure a building permit, resulting in the work being stopped by the architect, a contention that, as the architect was to be the arbitrator of disputes respecting the specifications, his directions to stop the work were binding on the contractor, is untenable, where no question had arisen as to the specifications when the work was stopped.

**5. SAME—ACCEPTANCE OF CONTRACT PRICE—WAIVER OF DAMAGES.**

Where a contractor has sustained damages by delay in the prosecution of his work caused by the owner, his receipt of the stipulated contract price for the performance of his contract is not a waiver of his right to proceed against such owner for the damages sustained by the violation of the agreement.

Appeal from trial term, New York county.

Action by Henry C. Weeks against the rector, etc., of Trinity Church in the City of New York to recover damages for breach by defendant of a contract for the erection of a building. From a judgment dismissing his complaint, and from an order denying his motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Eugene Frayer, for appellant.

Flaman B. Candler, for respondent.

RUMSEY, J.   It is alleged in the complaint that on the 19th of June, 1895, the plaintiff made a contract with the defendant by which he agreed to finish the mason work on a building which the defendant was about to erect; that by the terms of the contract he was to provide at his own expense all materials and labor, scaffolding, implements, and cartage for the work; that he was to proceed with the work, and every part and detail thereof, in a prompt and diligent manner, and should do the several parts thereof at such times and in such order as the architect might direct, and should finish the work and complete the building ready for occupancy by the tenants on or before the 1st day of February, 1896; that the defendant agreed to pay for the work a certain price, particularly stated in the complaint. The plaintiff further alleges that in accordance with the terms of the contract he entered into the performance of it, and proceeded to erect the building therein provided for, ordering supplies and entering into subcontracts running for the entire work; that he continued to proceed diligently as long as he was allowed to do so by the defendant, and was, on his part, always ready and willing to perform. He also alleges that the defendant did not obtain the permit from the building department in time so that he could proceed with his work as he had agreed to do, but that on the 7th of August, 1895, he was directed by the architect who had the supervision of the erection of the building to stop the work on a certain portion of it, and that on the 14th he was directed to stop work on the entire building, and was not permitted to resume until the 18th of September. He alleges that because of this compulsory stoppage of the work during that time he was materially damaged in particulars set out in the complaint, but

not necessary here to consider. The plaintiff bases his claim to recover upon a further allegation in the complaint that by the terms of the contract the defendant covenanted with the plaintiff that it had done or would do everything necessary to be done on its part to enable the plaintiff continuously and advantageously to proceed with the work therein contracted for in a prompt and diligent manner, until it should be finished and completed according to the drawings and specifications furnished by the defendant, and that it had secured or would secure the approval of the plan by the superintendent of buildings, and had obtained or would obtain a permit for the erection of the building according to the plans and specifications in such time as would permit the plaintiff continuously and advantageously to proceed with the work until it should be wholly finished. It is alleged that this agreement was violated by the defendant, and it was because of that violation that the plaintiff suffered damage. Upon the trial, after the plaintiff's case was closed, the learned trial justice, concluding that the plaintiff had not shown any cause of action, dismissed the complaint. A motion for a new trial was made and denied, and from the judgment dismissing the complaint, and from the order denying the new trial, this appeal is taken.

The defendant had not in terms assumed in the contract the obligations which the plaintiff insists it had incurred, and the first question presented is whether any such obligation was to be implied. It is quite evident that the obligation upon the plaintiff to proceed promptly and diligently with this work gave to him the right to enter upon the premises, and involved necessarily an obligation on the part of the defendant that he should not be interfered with while he was engaged in completing his contract, and also an obligation on the part of the defendant that if the law required any act to be done by it before the work could be commenced under the contract, it would perform that obligation. The rule of law is that, when the obligation of performance by one party to a contract presupposes the doing of another act by the other party prior thereto, there arises an implied obligation of the second party to do the act which the performance of the contract necessarily involves. Del Genovese v. Railroad Co., 13 App. Div. 412, 43 N. Y. Supp. 8; Allamon v. Mayor, etc., 43 Barb. 33; Mansfield v. Railroad Co., 102 N. Y. 205, 6 N. E. 386. By section 503 of the consolidation act, which was in force when this contract was made, it was the duty of the owner of property upon which he intended to erect a building to file a statement of specifications, and a full and complete copy of the plans of the work, with the superintendent of buildings, and to procure from him a permit to build, before proceeding with the work; and it was forbidden to proceed with the erection of the building until the statements and plans should have been so filed and approved by the superintendent of buildings. It being made by the law the duty of the defendant to procure this permit, there arose, under the authority of the cases cited above, an implied obligation that it would procure the permit within the time necessary to enable the plaintiff to proceed with his work diligently and promptly, as he had agreed to do in his contract. So, although the allegation upon that subject in the complaint is a conclusion of

law, yet it correctly states the obligation of the defendant towards the plaintiff necessarily resulting from the contract. If the plaintiff proved the violation of that obligation, he was entitled to recover such damages as he might have suffered thereby. The allegations of the complaint were substantially proved. There was evidence from which the jury might have inferred that the plans and specifications were not filed until some time after the contract was made; that when filed they were defective in form, so that the superintendent of buildings refused to issue a permit; that the attention of the defendant was called to that defect, but that it refused or neglected to remedy it until it was too late to obtain a permit to enable the plaintiff to go on with his work; and that, as a result of the failure to obtain the permit, the architect required the plaintiff to stop work on the contract, and he was compelled to and did cease work when so ordered. The evidence on these points was, we think, sufficient to entitle the plaintiff to have the question submitted to the jury whether the defendant had not failed to perform the implied obligation which it assumed when the contract was entered into.

But the defendant says that there was in this contract an implied condition to the effect that the actual erection of the building should not be commenced until the permit had been obtained. Undoubtedly, that was true; but that implied condition was coupled with the other implied condition that the defendant would obtain that building permit, as the law required it to do, in time to permit the plaintiff to go on with his work as his contract required. This is emphasized by the fact that the parties had made time of the essence of the contract, and imposed a penalty upon the plaintiff for a failure to complete the building within the prescribed period.

It is said, also, that, the architect being made by the contract an arbitrator between the parties in case of a dispute arising respecting the meaning of the plans and drawings, his directions given to the plaintiff on the 7th and 14th of August to stop work were binding, and the plaintiff cannot complain of them unless they were unreasonable or given from some improper motive. This provision of the contract has nothing to do with the stoppage of the work by the architect. It does not appear, nor is it suggested, that at that time any doubt or question had arisen as to the plans or drawings or the manner of doing the work. It is alleged in the complaint, and the evidence tended to prove, that, when these instructions were given, the plaintiff was proceeding with the work in pursuance with the plans and specifications, and that no question had arisen with respect to them, and there was no reason for the architect to take any action upon them. The architect does not claim to have given these instructions because of any necessity arising under that subdivision of the contract. It is said, however, that the architect was the agent of the plaintiff, and that therefore the directions which he gave at that time to stop the work upon the contract were directions given by the plaintiff himself, and that the defendant was not in any way bound by them. It appears that the architect was employed by the defendant to supervise the doing of this work; that not only had he no contractual relations whatever with the plaintiff,

but no relation of any kind except such as arose out of his employ-ment by the defendant, to supervise the erection of this building. There is nothing in this case to show that there was between the plaintiff and the architect any relation of principal and agent what-soever.

But it is said that the plaintiff, having gone on and finished the work after he had been permitted to do so on the 18th of Septem-ber, and having received his compensation therefor, had waived his right to bring any action for damages because of the failure of the defendant to perform the contract on its part. It appears in the case that it was agreed between the parties that the payment of the contract price should not prejudice the right of the plaintiff to bring this action; but, even if that agreement had not been made, the re-ceipt by the plaintiff of the stipulated contract price for the per-formance of the contract would not operate as a waiver of his right to proceed against the defendant for a violation of its agreement. When the plaintiff was compelled by the act of the defendant to cease work on this building, he was not called upon to rescind the contract, or to refuse to proceed further with it, at the peril of waiv-ing any damages which he might have suffered; but he was at lib-erty to go on with the work, considering the contract still in force, and, when he had finished, maintain his action to compel the defend-ant to pay the increased expense which he had been put to by its act. Allamon v. Mayor, etc., 43 Barb. 33.

Upon the facts proved, we are of the opinion that the plaintiff had made out such a case as entitled him to go to the jury upon the question of the liability of the defendant upon this implied obli-gation. In that view of the case, we have not deemed it necessary to consider the exceptions taken by the plaintiff to the exclusion of evidence. The questions raised by them may not arise upon the new trial which must be ordered in the case, and therefore no deter-mination as to the correctness of the ruling need be made. Neither is it necessary for us to examine into the question of damages. It is sufficient to say that upon this trial the plaintiff made it appear that he would be entitled to some damages, but, as the rule concern-ing the measure of damages was not considered by the court below, it is not necessary to consider it here.

The judgment and order must be reversed, therefore, and a new trial ordered, with costs to the appellant to abide the result of the action. All concur.