KLEINFELTER v. GRANGER et al.

(Supreme Court, Trial Term, Erie County.   December, 1911.)

1. SALES (§ 179*)—RIGHTS OF BUYER—ACCEPTANCE OF GOODS—WAIVER OF RIGHT TO RECOVER DAMAGES.

   A buyer accepting goods after the time fixed for delivery does not thereby waive his right to damages for breach of contract to deliver at the time specified.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 456–468; Dec. Dig. § 179.*]

2. SALES (§ 418*)—CONTRACTS—BREACH—DAMAGES.

   Where a seller of tomatoes at 80 cents per dozen for delivery during September delayed until November and December, but the market price at the time fixed for delivery and in November and December was 85 cents per dozen, the buyer accepting the goods did not suffer damages, in the absence of any showing of damage in fact.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

3. SALES (§ 176*)—BREACH OF CONTRACT—RIGHT OF BUYER.

   A buyer accepting goods after the time fixed for delivery may pay the price and subsequently sue for breach of contract to deliver within the time fixed, since the right of the seller to sue for the price is separate and distinct from cause of action by the buyer for damages for the delay.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 436–444; Dec. Dig. § 176.*]

4. ACCORD AND SATISFACTION (§ 11*)—LIQUIDATED DEMAND—PART PAYMENT.

   The demand of a seller for the contract price for goods delivered is a liquidated demand, and part payment does not bar an action for the balance, though the part payment is specified to be in full, and though the seller delayed the delivery beyond the time fixed in the contract.

   [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–83; Dec. Dig. § 11.*]

5. SALES (§ 418*)—CONTRACT—BREACH—PROMISE TO PAY DAMAGES.

   A promise by a seller to pay the damages sustained by the buyer for delay in the delivery is void, unless supported by a valid consideration.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

6. ACCORD AND SATISFACTION (§ 11*)—ACTS CONSTITUTING.

   A buyer accepted goods delivered after time fixed for delivery and sent to seller a check for the contract price, less the sum claimed as damages for the delay, and notified the seller that the acceptance of the check should be deemed a settlement in full of the mutual demands of the parties.  The seller accepted the check.  *Held*, that the transaction did not constitute an accord and satisfaction, and the seller could sue for the balance unpaid on the contract price.

   [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–83; Dec. Dig. § 11.*]

Appeal from City Court of Buffalo.

Action by Henry H. Kleinfelter against William H. Granger and Adolph F. Peterson.  From a judgment of the City Court of Buffalo dismissing the complaint, plaintiff appeals.  Reversed.

Affirmed in Appellate Division, 136 N. Y. Supp. 352.

H. W. Pottle, for appellant.

H. H. Cohen, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WHEELER, J. The plaintiff sued, claiming to recover a balance due upon several shipments of tomatoes to the defendants from Baltimore to Buffalo, in the fall of 1907. The shipments were made under a contract which provided the shipments were to be made during the month of September, 1907. No shipments were, in fact, made until the months of November and December following; but, when made, were accepted by the defendants, and all the tomatoes contracted to be shipped appear to have been delivered, although not within the time agreed.

On the 13th of December, 1907, the defendants sent the plaintiff their check for $1,171.94, accompanied by a letter of which the following is a copy:

"Buffalo, N. Y., December 13th, 1907.

"Henry H. Kleinfelter, Esq., Chestertown, Md.—

"Dear Sir: We inclose you herewith our check for $1,171.94, to cover your shipment of December 2nd; this car contained 815 cases in place of 750, as billed us, of the value of $1,304.00.

"We have deducted a cash discount of $19.56, and five cents per dozen on the minimum contract with you of 75% equal to 1125 cases; this will make $112.50 which we are justly entitled to for damages for breach of contract, as we had to buy at a higher price, and besides lost much business on account of the very long delay in shipping.

"You will remember that we tried our best and through your broker to have you ship earlier, but without avail.

"Yours respectfully,     W. H. Granger & Company."

It will thus be noted that the defendants deducted from the contract price 5 cents per dozen on the tomatoes sent, amounting to $112.50, which they claimed the right to retain for damages for nondelivery of the merchandise within the stipulated time. The plaintiff retained and cashed the check in question, and now sues for the balance alleged to be due.

On the trial it was stipulated that the market price of the tomatoes in question in September, 1907, when the goods were to be delivered, was 85 cents per dozen, whereas the contract price was only 80 cents per dozen. It also appears that in November and December, 1907, when the tomatoes were actually delivered, the market price was also 85 cents per dozen.

[1, 2] By accepting the tomatoes at the times they were actually shipped the defendants did not waive the right to recover damages for a failure to deliver at the time specified in the contract, but the stipulation shows that when actually delivered the market price maintained the same advance of 5 cents per dozen over the contract price which existed in September, and the defendants had the benefit of that advanced price. So it is difficult to see just what damages the defendants suffered by the delay. At least, no evidence was offered on the trial in the court below showing any damage in fact. The case in the court below was disposed of upon the theory that the acceptance and use of the check sent in the letter of December 13, 1907, constituted such an accord and satisfaction of a disputed claim as estopped the plaintiff from maintaining this action for the balance alleged to be due and owing. The trial court held that the

plaintiff could not recover, and from that judgment the plaintiff appeals to this court.

Let us restate the .facts. The defendants admit that the contract price for the shipment amounted to $1,304. They claimed a reduction by way of cash discount of $19.56, to which they were entitled under the provisions of the contract. They asserted a counterclaim for damages by reason of delay of $112.50. It is to be noted that the claim of the plaintiff under the contract is a liquidated one, definite in its amount, admittedly owing by the defendants. to the plaintiff. The only matter in dispute then and now is whether the claim of the defendants by way of counterclaim for damages was proper.

[3] As to the counterclaim for $112.50, that was and is to be deemed a disputed claim. As such, if valid, it constituted a separate and distinct cause of action in favor of the defendants against the plaintiff. The defendants had the legal right to maintain a separate and distinct cause of action upon it. . They might pay the full purchase price for the tomatoes, and the cause of action for a breach of the contract to deliver within the agreed time would still survive. Mikolajewski v. Pugell, 62 Misc. Rep. 449, 114 N. Y. Supp. 1084; Ruff v. Rinaldo, 55 N. Y. 664; Shute v. Hamilton, 3 Daly, 462; Weeks v. Rector, 56 App. Div. 199, 67 N. Y. Supp. 670; Allamon v. Mayor, etc., 43 Barb. 39; Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123; Cook v. Soule, 56 N. Y. 422; Dunn v. Steubing, 120 N. Y. 232, 24 N. E. 315. We call attention to the rule of law above stated for the purpose of emphasizing the proposition that the right of the plaintiff in this action to recover for the purchase price of the tomatoes shipped is a cause of action separate and distinct from any cause of action the defendants have or had for damages by reason of delay in their shipment.

[4] Returning then to the consideration of the plaintiff's claim for the purchase price of the tomatoes, inasmuch as that demand or indebtedness is a definite and liquidated demand, nothing but payment in full would discharge that indebtedness. Part payment of such indebtedness is no bar to a subsequent action for the balance, although part payment is specified to be in full. Jaffray v. Davis, 124 N. Y. 164, 26 N. E. 351, 11 L. R. A. 710; Fuller v. Kemp, 138 N. Y. 237, 33 N. E. 1034, 20 L. R. A. 785; Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 368, 73 N. E. 61. A debtor, on paying part of a conceded indebtedness, cannot impose a condition that the acceptance thereof shall discharge the liability in full, since there is no consideration on which an accord and satisfaction can rest. Schuller v. Robinson, 139 App. Div. 97, 123 N. Y. Supp. 881.

[5] Turning now to the claim of the defendants for damages for delay in shipment and delivery, this is an unliquidated demand. Assuming that the plaintiff had, by writing, promised to pay this demand, a promise so made would be void and of no effect, unless supported by a valid and sufficient consideration; and, notwithstanding such promise having been given, the plaintiff still might contest and litigate the validity of the claim upon the merits.

[6] Instead of an express promise on the part of the plaintiffs to pay the defendant's claim for damages for delay in shipment, the defendants, in effect, base their defense to this action upon a promise to be implied and spelled out from the circumstances of the case, although as matter of fact the check sent out on December 13th was not given or accepted under any statement in that letter that its acceptance should be deemed a full settlement of the mutual demands of the parties. Assuming, however, for the argument, that a promise to recognize and settle the claim of the defendants could be spelled out of the transaction, nevertheless, the plaintiff paid nothing and parted with nothing to the defendants. Neither did the defendants abate or throw off anything from their demands. They simply took out and held back from their payment to the plaintiff the amount of their demand. We are unable to discover anything in the transaction between the parties which in any way amounted to a settlement of either the defendants' acknowledged indebtedness to the plaintiff, or of the defendants' claim against him, nor anything which constituted a legal bar to an action by either against the other. It would seem quite inequitable that the defendants by a part payment of an acknowledged indebtedness, by simply asserting a claim as an offset to the balance due, could foreclose the plaintiff from seeking to recover such balance. We believe no authority can be produced giving countenance to such a proposition. On the contrary, we are of the opinion that there is ample authority to sustain the opposite contention. We think the cases of Windmuller v. Goodyear Tire & Rubber Co., 123 App. Div. 424, 107 N. Y. Supp. 1095, Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986, and Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 368, 73 N. E. 61, are decisive of the question now under discussion.

In the case of Eames Vacuum Brake Co. v. Prosser, the court said:

"Ordinarily the retention of a check inclosed in a letter which refers to the amount as the balance due on account between the parties will not be held to be an accord and satisfaction so as to bar an action for the balance due. * * * It is only in cases where a dispute has arisen between the parties as to the amount due, and a check is tendered on one side in full satisfaction of the matter in controversy, that the other party will be deemed to have acquiesced in the amount offered by an acceptance and a retention of the check."

The Appellate Division in the First Department applied this rule in the Windmuller Case, above cited. It there appeared that the only controversy between the parties was as to the existence of a warranty as to the percentage of shrinkage of certain rubber sold. The defendant in that case alleged that there had been such a warranty made upon the sale of the rubber in question, and that by reason of a greater shrinkage it had sustained damage in a sum named. After a dispute had arisen as to whether the warranty had been made or not, the defendant wrote the plaintiff inclosing a check for an amount, stating it to be "in settlement of your invoice of January 11th," and explained how the sum represented by the check was arrived at. It was claimed the acceptance of the check constituted an accord

and satisfaction, and barred an action for the balance the plaintiff claimed due. The court held to the contrary, and said:

"In the present case the only controversy was as to the alleged warranty, and the only question between the parties was as to whether there had been such a warranty or not. No check was ever sent in settlement of that controversy, and, as to that, there was, therefore, no accord and satisfaction. The sum of $62.25, for which a check was sent, was not in settlement of any controversy, for the defendant admittedly owed that amount in any event, and as to it there was no controversy whatever. The case falls squarely within the rule of Eames Vacuum Brake Co. v. Prosser, and Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367 [73 N. E. 61]. It differs essentially from cases in which the plaintiff's claim was for an unliquidated amount, and the payment was, in terms, made in full settlement. In the present case there is no question as to amounts."

It is to be noted this case is on all fours with the case now under consideration. See, also, Schuller v. Robinson, 139 App. Div. 97, 123 N. Y. Supp. 881. These considerations lead us to the opinion that no case of accord and satisfaction was made out, and that the trial court erred in its disposition of this action, and that the ·judgment of the court below should be reversed.

Let an order be entered accordingly, with a direction for a new trial in the City Court, with costs of this appeal to abide the result of the action.