(93 Misc. Rep. 185)

WILLSON BROS. LUMBER CO. v. GARDNER WOOD CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department. January 4, 1916.)

ACCORD AND SATISFACTION &⇒11—ACCEPTANCE AND CASHING OF CHECK—
—PENDENCY OF DISPUTE.

   The buyer, on receiving 19,000 feet of red heart lumber in response to his order, wrote the seller that the shipment was unsatisfactory and much of it unfit for use, and the seller replied, referring to the general condition of lumber, and stating that he could not consistently entertain the buyer's complaint. Thereafter the seller wrote that he would agree to a reasonable reduction of $1 per M. feet, but would not allow $70 reduction. Subsequently the buyer sent a check for the amount shown by an accompanying statement to be due for the shipment, after making a deduction of $75. The seller retained and cashed this check, and acknowledged receipt of it in a letter stating that there was a balance due of $75, and requesting that the buyer state what might be expected in the way of settlement. It appeared that the controversy between the parties was a reasonable and genuine dispute, and not a mere subterfuge or arbitrary contention. Held, that the acceptance of the check constituted a full satisfaction of the seller's claim for the price of the lumber.

   [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82; Dec. Dig. &⇒11.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Willson Bros. Lumber Company against the Gardner Wood Company of New York. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Williams, Folsom & Strouse, of New York City (Arthur D. Fisher, of New York City, of counsel), for appellant.

Conway, Williams & Kelly, of New York City (F. Ferris Hewitt, of New York City, of counsel), for respondent.

---

PHILBIN, J.   The plaintiff brought suit to recover the balance due of the purchase price of certain merchandise sold to defendant under a contract in writing.   The only defense on the trial, and the only question raised on appeal, rests upon the plea of accord and satisfaction.   If the claim of the plaintiff can be considered as being a liquidated one, such a plea cannot be sustained.   The facts pertinent to the point thus to be determined are as follows:   The subject of the sale was a carload of what was known in the common business of the parties as red heart lumber.   It was well known in the trade that in a substantial quantity of said lumber there would be parts more or less defective and unfit for use, and the inference to be drawn, therefore, is that a contract to sell would be regarded as having been sufficiently and substantially performed by the seller, where such imperfection did not exceed the trade custom or average.   In the present instance there were no representations made by the plaintiff as seller, and no express warranty.   The defendant, as buyer, simply ordered 19,000 feet of red heart lumber to be delivered f. o. b. New York at $17 per M. cash, less 2 per cent. 10 days after arrival.   The shipment arrived in January, 1914, and several days thereafter the defendant began sawing the lumber.   On the 15th of January, 1914, the defendant wrote to the plaintiff a letter in which it said that the shipment was nothing more or less than a lot of mill cull, was entirely unsatisfactory, and that a large percentage of it was absolutely unfit for use.   The plaintiff replied to said letter, merely making the observation that there was considerable percentage that develops after resawing that would look pretty hard, referring apparently to general conditions and not specifically to the lumber in question.   The plaintiff further said that it could not consistently entertain a complaint on this shipment.   A further exchange of letters took place until April 22, 1914, when the plaintiff wrote to the defendant and stated that it would have no objection whatever to making a reasonable reduction —that is to say, $1 per M. feet, which it believed would fully cover any discrepancy in the grade, provided there was a discrepancy—but to entertain the proposition of allowing $70 reduction on such shipment was entirely out of the question.   The above letter was replied to by the defendant insisting upon the greater allowance.   On the 28th of April, 1914, the plaintiff wrote asking payment, and on the day following defendant wrote the letter and sent the check which it claims supports its plea of accord and satisfaction.   The letter reads as follows:

"As per your request of the 28th inst., we are sending you our settlement of D. & H. car #21391 as follows:

| | | |
|---|---:|---:|
| Invoice | | $327 15 |
| Allowance | $ 75 00 | |
| Freight | 133 53 | 208 53 |
| Check inclosed | | $118 62" |

The omission to say that the check was inclosed in full settlement was immaterial, as the intention could not be in doubt, in view of the controversy which had preceded the sending of the letter.   The check of the defendant referred to bears the stamp on the reverse side of

a bank in Pittsburg, where the plaintiff had its offices, apparently showing payment on 1st of May, 1914. On the 11th of May, 1914, the plaintiff wrote, acknowledging receipt of said letter and check, and stated that there still remained a balance due of $75, which it asked be attended to at defendant's earliest convenience. The letter further refers to the shipment as the one "on which complaint was made, and on which we agreed to allow you $1 per M., and which proposition you have as yet failed to accept. Kindly advise us immediately what we may expect in the way of settlement." The retention of the check and its almost immediate payment, together with the above letter of the plaintiff, fails to sustain the contention of the plaintiff that there was not accord and satisfaction. Within the understanding of the parties the plaintiff was entitled to the purchase price, unless the goods delivered were not in accordance with the contract including the implied warranty therein, or the defendant had waived full performance by acceptance. The defendant's letter, written almost immediately after the arrival of the shipment, sufficiently shows that there was not such an acceptance so as to eliminate the question of the full performance by the plaintiff and the latter's attention was promptly called to the alleged omission to comply with the contract.

The attitude taken by the plaintiff in the above correspondence indicates that it did not regard its part of the contract as performed according to the terms. It is not essential that the dispute should be one based upon grounds sufficient in law, but it may be simply an honest and reasonable difference of opinion relating to the performance of the contract. An arbitrary or fanciful attitude, taken by one of the parties as a mere subterfuge to evade a duty, and with which the other side naturally disagrees, would not be regarded as such a dispute as is contemplated by law. It can hardly be doubted that the difference that arose between the parties here as to the amount due because of admitted defects in the shipment constitute a reasonable and genuine dispute, and that the payment made related to the subject of the controversy. In that respect it is materially unlike the case of Windmuller v. Goodyear Tire & Rubber Co., 123 App. Div. 424, 107 N. Y. Supp. 1095, where the dispute was in relation to the grade of merchandise which the defendant claimed it was entitled to under an express warranty. The court held that the only question between the parties was as to whether or not there had been such a warranty for the alleged breach of which the plaintiff claimed damages. There was no dispute as to the amount due under the contract itself, as distinguished from the liability under the express warranty. The court, therefore, held that the check which was accepted represented an amount which was due in any event, being a balance indisputably owing upon the contract. Here it is clear from the proof that the payment so made by the defendant was intended to be made in full satisfaction of the claim of the plaintiff, and that such intention was so manifest as to compel the inference that the check was accepted for that purpose. A proper case of accord and satisfaction was therefore made out.

Judgment reversed, with $30 costs, and complaint dismissed, with costs to the appellant. All concur.