WINDMULLER et al. v. GOODYEAR TIRE & RUBBER CO.

(Supreme Court, Appellate Division, First Department.   January 10, 1908.)

ACCORD AND SATISFACTION—RETENTION OF CHECK—EFFECT.

Where the buyer of rubber sent the sellers a check "in settlement" of the invoice, stating that the balance was ascertained under the salesman's warranty that the rubber would not shrink more than 40 per cent., the sellers' retention of the check was not an accord and satisfaction, where they credited the buyer's account with the amount of the check and in acknowledging receipt thereof stated that a specified sum remained due, and demanded payment thereof; they denying, before and after receiving the check, that such warranty was made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Accord and Satisfaction, §§ 88–91.]

Laughlin, J., dissenting.

Appeal from Trial Term.

Action by Louis Windmuller and others against the Goodyear Tire & Rubber Co.  From a judgment dismissing the complaint, and from an order denying a new trial, plaintiffs appeal.  Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Cephas Brainerd, for appellants.
George D. Beattys, for respondent.

SCOTT, J.  The plaintiffs appeal from a judgment dismissing the complaint.  There is no dispute as to the facts, the evidence being wholly documentary, and the only question is whether the receipt and retention by plaintiffs of a check sent them by defendant constituted an accord and satisfaction.  The action was for a balance claimed to be due on a sale of Borneo rubber by plaintiffs to defendant.  The answer alleges that prior to the sale plaintiffs warranted and represented that the rubber, in being washed, dried, and shrunk, would not shrink more than 40 per cent. of the net weight, and further agreed that, if the said rubber did shrink more than 40 per cent., defendant could settle and pay for the rubber at a net price of 70 cents per pound dry weight.  It was further alleged that plaintiffs furnished defendant, before the sale, with a special sample of the rubber taken from the bulk of the goods, with which sample the plaintiffs agreed said rubber should in all respects be equal; that defendants purchased the rubber, relying on said representations and sample, but that the rubber delivered did not correspond with the sample, and was not as represented and warranted, in that in the process of washing, drying, and breaking down it shrunk in weight nearly 53 per cent., and, being worth, at 70 cents per pound net weight, $231.43 less than it would have been worth at 42 cents per pound, if it had been as represented.  The plaintiffs, in reply, admit delivering a sample of rubber prior to the sale, but deny any warranty or representations, and the defendant's reliance thereon, and allege that in purchasing the rubber the defendant relied wholly upon its own examination of the sample.

The action is for the sum of $231.43, being the difference between the

price of the rubber at 42 cents per pound, the agreed price, and 70 cents per pound, dry weight. The rubber was shipped on January 13, 1904, and was received by defendant about January 20, 1904; for on that date defendants wrote a letter acknowledging the receipt and promising to mail a check on the following Friday. On January 21st defendants again wrote, saying that they had been informed by the factory superintendent that the quality of the rubber was very poor, and that they should, before paying for the same, wait for the shrinkage. On January 23d plaintiffs replied, declining to admit any claim on the rubber and asking for a prompt remittance. On January 30, 1904, defendants wrote inclosing a check for $800, and saying that they would remit balance as soon as the shrinkage on the rubber had been ascertained. On February 1, 1904, plaintiffs wrote acknowledging the receipt of the check for $800, and stating that that payment left a balance due of $293.67. They also specifically declared that:

"The arrangement regarding the shrinkage ceased with your examination of the large sample of about eight pounds sent on the 30th of December and your definite order for one ton on the 7th of January at 42 cents per pound.'

On February 6, 1904, defendants wrote inclosing check for $62.25 "in settlement of your invoice of January 11th," and then explained how this sum was arrived at, as follows:

"When this rubber was purchased from your representative, he guaranteed that the rubber would not have a shrinkage of more than 40 per cent., or in other words the rubber would not cost us more than 70 cents per pound dry weight. The rubber weighed up 1,230 pounds dry weight, at 70 cents would be $861. We have already paid you $800, and the check inclosed covers balance due on this invoice, also cartage of $1.25."

To this letter plaintiffs replied at once, acknowledging the receipt of the check for $62.25, with which they credited defendants' account, and stating that there still remained due $231.42, of which they demanded payment. They again denied that there had been any warranty or representations. Upon evidence of this transaction the court below decided that the receipt and retention of the check for $62.25 constituted an accord and satisfaction, and dismissed the complaint. This, as we think, was erroneous. "Ordinarily the retention of a check inclosed in a letter which refers to the amount as the balance due on accounts between parties will not be held to be an accord and satisfaction, so as to bar an action for the balance due. It is only in cases where a dispute has arisen between the parties as to the amount due, and a check is tendered on one side in full satisfaction of the matter in controversy, that the other party will be deemed to have acquiesced in the amount offered by an acceptance and retention of the check." Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289–300, 51 N. E. 986, 989. In the present case the only controversy was as to the alleged warranty, and the only question between the parties was as to whether there had been such a warranty or not. No check was ever sent in settlement of that controversy, and as to it there was, therefore, no accord and satisfaction. The sum of $62.25, for which a check was sent, was not in settlement of any controversy; for the defendants admittedly owed that amount in any event, and as to it there was no controversy whatever. The case falls squarely within the rule

of Eames Vacuum Brake Co. v. Prosser, supra, and Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 73 N. E. 61. It differs essentially from cases in which the plaintiff's claim was for an unliquidated amount, and the payment was in terms made in full settlement. In the present case there is no question as to the amounts. Upon the only question in controversy between the parties there was no attempt or intention to pay anything in satisfaction, and hence there could be no accord. That controversy remained open, and it is evident that both parties so understood it.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event.

PATTERSON, P. J., and INGRAHAM and CLARKE, JJ., concur.

LAUGHLIN, J. (dissenting). I am of the opinion that the acceptance and use of the check for $62.25 constituted an accord and satisfaction. The question arises over the purchase of one ton of Borneo rubber by the defendant from the plaintiffs at the agreed price of 42 cents per pound. After the delivery of the rubber the defendant claimed that it was of a very poor quality, and declined to pay for it until the amount of shrinkage could be ascertained. The defendant in the meantime remitted to the plaintiffs a check for $800 to apply on account. The total purchase price of the rubber, if it had been of good quality and did not shrink in weight, would have been $1,093.67. The plaintiffs insisted that the weight should be determined as of the time of delivery, and not at a later period, after shrinkage had taken place. The defendant received the rubber on the 20th of January, 1904. On the 6th day of February thereafter, and after the plaintiffs had rejected the contention of the defendant that it was entitled to a deduction on account of excess of shrinkage, the defendant inclosed a check for $62.25 to the plaintiff, with a letter stating that the rubber had been purchased under a guaranty that there would not be a shrinkage of more than 40 per cent., which would make the purchase price, dry weight, 70 cents per pound, and that the dry weight of the rubber was 1,230 pounds, which, at 70 cents per pound, would amount to $861, to which $1.25 was added for cartage, and that the check was sent to cover the balance due on the invoice, which was for $1,093.67. It is manifest that the vendee did not even concede its liability to the vendor for the amount which it paid. It had asserted that the rubber was of poor quality and that it did not come up to the guaranty with respect to shrinkage; but, with a view to settlement, it offered to pay on the basis of the purchase price, deducting for the excess of shrinkage. The claim was unliquidated, the amount of the defendant's liability was in dispute, and therefore, when the plaintiffs accepted and used the check sent in full settlement, it constituted an accord and satisfaction. Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Dunn v. Whalen, 120 App. Div. 729, 105 N. Y. Supp. 588; Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102, affirmed 178 N. Y. 562, 70 N. E. 1101.

I therefore vote for affirmance of the judgment.