MORRIS J. FRANK and ISAAC N. GILBERT, Appellants, Respondents, v. WALTER J. VOGT, Respondent, Appellant.

First Department, July 13, 1917.

**Contract — accord and satisfaction — acceptance of goods sold — deduction of offset and payment by check for balance.**

Where the buyer of goods retained the same he became indebted for the purchase price and did not establish an accord and satisfaction as to a lower price by deducting the amount of an alleged offset because the goods were not up to the agreed quality and by sending a check for the balance to the seller who retained the same.

No accord and satisfaction was established by the transaction aforesaid although the buyer when sending the check wrote that he sent it in full payment.

LAUGHLIN, J., dissented, with opinion.

APPEAL by the plaintiffs, Morris J. Frank and another, from a determination and order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 29th day of December, 1916, as amended by an order entered in said clerk's office on the 19th day of February, 1917, in so far as said determination and order reverses a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, in plaintiffs' favor and dismisses the complaint upon the merits.

Appeal by the defendant, Walter J. Vogt, from so much of said determination and order of the Appellate Term as reverses the judgment of the Municipal Court in his favor, upon his counterclaim and dismisses the said counterclaim.

*A. S. Gilbert* [*Francis Gilbert* and *Godfrey Cohen* with him on the brief], for the plaintiffs.

*Morris Blau,* for the defendant.

SCOTT, J.:

There was clearly no accord and satisfaction disclosed by the evidence. Defendant had agreed to purchase merchandise at a fixed price. It was delivered to and retained by him.

First Department, July, 1917. [Vol. 178.

He thereby became indebted for the purchase price. As against this he claimed an offset because some of the goods were not up to the agreed quality, and this he undertook to deduct from the purchase price, sending plaintiffs a check for the balance which was admittedly due in any event. Plaintiffs retained the check as they were entitled to do, and now sue for the remainder of the purchase price.

That this transaction does not constitute an accord and satisfaction is well established. (*Windmuller* v. *Goodyear Tire & Rubber Co.*, 123 App. Div. 424; *Eames Vacuum Brake Co.* v. *Prosser*, 157 N. Y. 289; *Laroe* v. *Sugar Loaf Dairy Co.*, 180 id. 367; *Kleinfelter* v. *Granger*, 136 N. Y. Supp. 485; affd., *sub nom. Klinefelter* v. *Peterson*, 152 App. Div. 896.)

That defendant, when he sent the check, wrote that he was sending it as full payment does not affect the question. He could not by paying an amount admittedly due in any event, foreclose plaintiffs from claiming that more was due, nor yet subject them to the risk of postponing the payment of the whole claim, until defendant's relatively small counterclaim could be judicially liquidated. To hold otherwise would result, in many cases, in permitting a debtor to coerce his creditor into making an unjustified deduction from his bill.

The determination of the Appellate Term is reversed and the judgment of the Municipal Court affirmed, with costs to plaintiffs, appellants, in this court and the Appellate Term.

CLARKE, P. J., PAGE and DAVIS, JJ., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

I am of opinion that there was an accord and satisfaction. The plaintiffs had a claim against the defendant on an express contract for the sale and delivery of merchandise at a fixed price, but the defendant, evidently in good faith, claimed an offset on the ground that the goods delivered and received and retained by him were not of the agreed quality. The amount of the defendant's offset was clearly unliquidated for the plaintiffs did not concede that the defendant was entitled to any offset or deduction on account of the quality of the goods. In these circumstances the defendant sent the plaintiffs a check for the balance of the contract price of the goods

less the amount which he was willing to accept in settlement of the unliquidated offset or counterclaim without litigating the question upon condition that his check be accepted in full settlement. The check was received, retained and used by the plaintiffs and they brought this action to recover the balance of the contract price, which the defendant thus deducted under his claim of a right to an offset. It is not claimed by the defendant, as in *Windmuller* v. *Goodyear Tire & Rubber Co.* (123 App. Div. 424), upon which reliance is principally placed in the prevailing opinion, that there was an express agreement with respect to the amount which the defendant should be entitled to deduct if the goods were not of the agreed quality. In that case the defendant was not in a position to claim in the event of litigation that it was entitled to a greater deduction than it conceded by the settlement, for it made the deduction according to what it claimed was pursuant to an express warranty with an agreement with respect to the precise amount to be deducted in the event of a breach of warranty. Here if the settlement tendered by the defendant had not been agreed upon by the plaintiffs and they brought action the defendant might have claimed and shown a setoff or counterclaim greater than the amount which he deducted as a condition of the settlement. It seems to me, therefore, perfectly clear under all of the authorities that the acceptance and use by the plaintiffs of the defendant's check constituted an accord and satisfaction. (*Jackson* v. *Volkening,* 81 App. Div. 36; affd., 178 N. Y. 562; *St. Regis Paper Co.* v. *Tonawanda Co.,* 107 App. Div. 90; affd., 186 N. Y. 563; *Ravenswood Paper Mill Co.* v. *Dix,* 61 Misc. Rep. 235; *Brewster* v. *Silverstein,* 78 id. 123; *Dobbs* v. *Prudden-Winslow Co.,* 95 id. 250.)

I, therefore, vote for affirmance.

Determination reversed and judgment of Municipal Court affirmed, with costs to plaintiffs in this court and in the Appellate Term.