CLARA A. FARNHAM, Appellant, *v.* KATIE P. FARNHAM, as Executrix, etc., of GEORGE A. FARNHAM, Deceased, Respondent.

Second Department, March 2, 1923.

Release — action to recover from executrix amount testator agreed to will to plaintiff in event that he predeceased her — general release executed by plaintiff to testator is not good defense — release cannot be modified by parol evidence so as to cover plaintiff's claim.

A general release executed by the plaintiff to defendant's testator purporting to release him from all claims up to the date of the release is not a good defense to an action brought to recover the amount which the testator agreed to will to the plaintiff in the event that he predeceased her, since a general release does not operate on demands originating at the time it was given or subsequently or on demands subsequently maturing, unless expressly embraced therein or falling within a fair import of the terms implied, and, therefore, it did not operate in this case inasmuch as the claim did not and could not mature so as to give a right of action until a breach of the agreement which could not occur until the testator's death.

The release could not be modified or explained by parol evidence so as to cover plaintiff's claim.

APPEAL by the plaintiff, Clara A. Farnham, from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 22d day of January, 1923, denying her motion to strike out the defense contained in the answer on the ground that it is insufficient in law.

*Edward Potter,* for the appellant

*William J. Wallin,* for the respondent.

YOUNG, J.:

The action is brought to recover $5,000 under an agreement dated December 29, 1899, made by one George A. Farnham, the plaintiff's brother, to will that sum to her in the event that he predeceased her. George A. Farnham died leaving a will which was admitted to probate July 20, 1922, in which the defendant was appointed executrix and letters issued to her. This will contained no provision for the payment of the above sum to plaintiff.

The answer is in substance a general denial and a special defense alleging the execution and delivery by plaintiff to said George A. Farnham of a general release bearing date June 1, 1908, expressing a consideration of $177 and releasing him from all claims, etc., from the beginning of the world to the date of the release.

Plaintiff moved to strike out this defense as insufficient in law, and from an order denying her motion she appeals to this court.

I think this order should be reversed. It is undoubtedly the general rule that demands originating at the time a general release is given or subsequently, and demands subsequently maturing, are not discharged by the release unless expressly embraced therein or falling within a fair import of the terms implied. (*Miller* v. *Schloss*, 159 App. Div. 704; *Mitchell* v. *Mitchell*, 170 id. 452.)

The claim sought to be enforced in this action did not and could not mature so as to give a right of action to plaintiff until a breach of the agreement. That of course could not occur until Farnham's death without making a will providing for the payment of plaintiff's claim. It seems quite clear, therefore, that this general release could not include the claim in question and, therefore, constitutes no defense.

Nor could this release be modified or explained by parol evidence so as to cover plaintiff's claim. The instrument itself is the only competent evidence of the agreement of the parties unless avoided for fraud, mistake, duress or some like cause. (*Kirchner* v. *N. H. S. M. Co.*, 135 N. Y. 182.) In the case at bar no mistake or fraud is alleged, but the instrument itself is relied upon as constituting a defense.

The order should be reversed upon the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

JAYCOX, KELBY and KAPPER, JJ., concur; KELLY, P. J., dissents.

Order reversed upon the law, with ten dollars costs and disbursements, and motion to strike out separate defense granted, with ten dollars costs.