HARRY SCHNELL et al., Copartners under the Firm Name
of H. SCHNELL & Co., Respondents, *v.* SOL PERLMON,
Trading under the Firm Name of DETROIT CELERY
AND PRODUCE COMPANY, Appellant.

Accord and satisfaction — liquidated and unliquidated
claims defined and distinguished — when purchaser refuses
to pay contract price of goods because delivered in unsound
condition and not as warranted and seller accepts payment
for contract price less amount deducted for damaged goods,
this constitutes an accord and satisfaction.

1. The general rule is that a liquidated claim, that is, a claim which
is not disputed, but admitted to be due, cannot be discharged by any
payment of a less amount. It is only in cases where a dispute has
arisen between the parties as to the amount due and a check is
tendered on one side in full satisfaction of the matter in controversy
that the other party will be deemed to have acquiesced in the amount
offered by an acceptance and a retention of the check.

2. The term "liquidated" when used in connection with the sub-
ject of accord and satisfaction has reference to a claim which a debtor
does not dispute; a claim which he admits to be due but attempts to
satisfy by the payment of a smaller amount; but a claim is not liqui-
dated, even if it appears that something is due, unless it appears how
much is due; and when it is admitted that one of two specific sums is
due, but there is a genuine dispute as to which is the proper amount,
the demand is regarded as unliquidated, within the meaning of that
term as applied to accord and satisfaction.

3. Plaintiff sold to the defendant onions for an agreed price. The
shipment in part was rotten and decayed. The defendant had them
examined by the Government Food Products Inspector and notified
the plaintiffs of the condition of the onions by sending to them the
reports made by the inspector showing the percentage of decay and
paid for those which were in good condition, deducting a certain sum
for the onions which he claimed to have been decayed. This payment
was made by defendant by checks and notes and accompanying letters
notifying the plaintiffs that if accepted by them they would be in full
payment of the amount due; and that the balance, the amount of the
deduction, would thus be paid by agreement, *i. e.*, by accord and
satisfaction. Defendant's claim for deduction was made in good faith,
and, under the circumstances, the trial judge was not justified in

holding as a matter of law that there had been no accord and satisfaction and that the plaintiffs were entitled to the balance claimed by them.

4. The fact that the contract called for a stated amount, or an amount which could be easily figured according to deliveries, did not make the claim liquidated within the meaning of the law as applied to accord and satisfaction. The amount claimed by the plaintiffs and specified in the contract was repudiated by defendant. Plaintiffs knew that the checks and notes which they received and cashed were received in full payment of their disputed claim. They could not under these circumstances keep the money and reject the conditions attached to the payment. Furthermore, there is a consideration for the release of the balance, claimed to be due by plaintiffs, in the surrender by defendant of his claim for damages under the breach of warranty and the satisfaction of his claim thereunder against the plaintiffs.

*Schnell* v. *Perlmon*, 208 App. Div. 812, reversed.

(Argued May 20 1924; decided June 3, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department entered March 14, 1924, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court.

*Joseph Kahn* and *Frederic Zorn* for appellant. The case at bar meets all the requirements of an accord and satisfaction, namely, the existence of a *bona fide* dispute as to the amount due from defendant to plaintiff, the tender by defendant of an amount in full settlement, and the acceptance by the creditor of the tender. (*Jackson* v. *Volkening*, 81 App. Div. 36; 178 N. Y. 562; *Whitaker* v. *Eilenberg*, 70 App. Div. 489; *Milford Spinning Co.* v. *Manowitz*, 203 App. Div. 415; *Fuller* v. *Kemp*, 138 N. Y. 231; *Eames V. B. Co.* v. *Prosser*, 157 N. Y. 289; *Laroe* v. *S. L. Dairy Co.*, 180 N. Y. 367; *Mance* v. *Hessington*, 205 N. Y. 33; *C., M. & St. P. R. R. Co.* v. *Clark*, 178 U. S. 351; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326; *Simons* v. *Am. L. of H.*, 178 N. Y. 263.) An accord and satisfaction is established regardless of the fact that the creditor

refuses to accept as such the check tendered as payment in full, but credits it on account only, and regardless of the fact that the creditor promptly makes the protest or claim for the balance. (*Fuller* v. *Kemp,* 138 N. Y. 231; *G. & L. Realty Co.* v. *Friedman,* 105 Misc. Rep. 632; *Boosin* v. *Bird Dress Co.,* 119 Misc. Rep. 701.)

*Harold S. Kohn* for respondents. A liquidated claim cannot be discharged by payment of a lesser sum, without some consideration. (*Frank* v. *Vogt,* 178 App. Div. 833; *Kleinfelter* v. *Granger,* 136 N. Y. Supp. 485; *Eames V. B. Co.* v. *Prosser,* 157 N. Y. 289; *Laroe* v. *S. L. Dairy Co.,* 180 N. Y. 367; *Windmuller* v. *Goodyear T. & R. Co.,* 123 App. Div. 424; *Ryan* v. *Ward,* 48 N. Y. 204.)

CRANE, J. This action is brought to recover an alleged balance due for goods, wares and merchandise sold by the plaintiffs to the defendant. Defendant pleaded an accord and satisfaction.

The trial court directed a verdict for the plaintiffs for the full amount claimed, and the judgment entered thereon has been unanimously affirmed by the Appellate Division. That court, however, granted leave to appeal to this court, certifying that in its opinion there is a question of law involved which ought to be reviewed by us.

The question of law referred to arises through the payment by the defendant of an amount less than the agreed price in full payment and satisfaction of the claimed debt. As in all like cases the result depends very much upon the facts of each case, it is, therefore, necessary at the outset to state fully the transaction between these parties. The plaintiffs, trading under the firm name of H. Schnell & Co., sold to Sol Perlmon, the defendant, trading under the firm name of Detroit Celery & Produce Co., ten cars of Spanish onions, pursuant to the terms of a written contract dated November 14, 1921. These ten carloads were to consist of 2,500 crates to be shipped

by the Michigan Central Railroad from New York to
Detroit; all goods sold F. O. B. New York, delivery to
the common carrier being delivery to the purchaser.
When the onions arrived in Detroit some of them were
found to be in a defective condition due to decay con-
sisting of fusarean rot, slimy soft rot, and a bacteria
heart rot involving the greater portion of the onions.   The
defendant had the onions inspected by the Food Products
Inspector of the United States Department of Agri-
culture, who gave five separate certificates certifying to
this condition of the onions examined by him and stating
that the decay amounted in some of the containers from
ten per cent to thirty-five per cent, in others from fifteen
to twenty-five per cent of the contents.   The percentage
varied in these certificates, running as high, however, as
fifty per cent and as low as three per cent.   The defend-
ant notified the plaintiffs by letter regarding this condition,
and sent them copies of the government official's report.
On December 13, 1921, the defendant sent to the plaintiffs
five checks in payment of five of the cars shipped and
deducted a total of $425 for a percentage of the decay as
covered by the government reports.   Accompanying
these checks was a letter in which an explanation of the
deduction was made in the following words: " These
deductions are made to cover the percentage of decay
on each car.   We mailed you, some time ago, the inspec-
tion reports covering each of these cars in order that you
might satisfy yourself that we are making only reasonable
deductions."   Each of the checks was marked in full
payment of the car number for which payment was
remitted.

   On December 16th the plaintiffs acknowledged receipt
of checks totaling $4,575, which they stated they had
placed to the credit of the defendant, but insisted that
there was still a balance due of $425 for which they
demanded payment.   In other words, they accepted the
checks but rejected the proposed deduction.

On February 11, 1922, the defendant, who was still indebted to the plaintiffs for five cars, sent to them a check for $2,000 and a promissory note for $2,328.70 with interest payable in thirty days. On the back of this note there was this notation: " Payment in full of balance owing you on the following cars of Onions: " (giving numbers of cars). A letter also accompanied this note showing the reasons for the deductions mentioned therein, reading as follows:

" We have already advised you the percentage of decay on cars NYC–138745 and NYC–138762 and have deducted off the first car Two Hundred and Eight Dollars ($208.00), representing twenty per cent of the invoice which the Government inspection shows as running from ten to thirty-five per cent decay and an average of fifteen to twenty-five per cent. You know that decay of this particular kind Slimy Soft Rot, hurts the sale of the entire shipment as the onions that are sound lose in value after being sorted over as they are never so bright and clean as when shipment is sound.

" Car NYC–138762 also shows the same kind of decay and we have deducted fifteen per cent from the invoice and this in no way represents what we should have deducted as the bad onions affected the sale and condition of the others."

The plaintiffs replied to this letter crediting these amounts on the account of the defendant and demanding all the balance due, $801.29, the amount sued for in this action. There is evidence that fusarean rot is a disease which does not develop as a result of transportation but is inherent in the plant itself. " Fusarean rot is a rot that is right inside of the onion." Testimony offered in behalf of the plaintiffs was to the effect that the onions were in good condition when delivered to the railroad. The government reports seem quite conclusive that a large part of the shipment was decayed when it reached Detroit. If the decay was in the heart of the onion it

might have been overlooked on inspection in New York, and discovered by more careful examination or because of growth in the meantime, when the onions reached their destination.

The facts, briefly stated, therefore, are: The plaintiffs sold to the defendant onions for an agreed price. The shipment in part was rotten and decayed. The defendant notified the plaintiffs of the fact sending to them the government reports made by the Food Products Inspector. The defendant paid for the goods which were in good condition, deducting $801.29 for those which he claimed to have been decayed. The payment was made by checks and notes and accompanying letters notifying the plaintiffs that if accepted by them they would be in full payment of the amount due, and the balance, $301.29, the amount of the deduction, would thus be paid by agreement or by accord and satisfaction (to use the legal terms). The claim put forth by the defendant for deduction was apparently made in good faith, and in view of the government reports seems to be reasonable and fair. The percentage of the deduction made by the defendant was not as large as the percentage of decay reported by the government reports sent to the plaintiffs and might be less than the amount which the defendant could have recovered if he had sued the plaintiffs for damages or upon their warranty. Under these circumstances, was the trial judge justified in holding as a matter of law that there had been no accord and satisfaction and that the plaintiffs were entitled to the balance claimed?

The general rule is that a liquidated claim, that is, a claim which is not disputed, but admitted to be due, cannot be discharged by any payment of a less amount. In *Jackson* v. *Volkening* (81 App. Div. 36, 43; affd., 178 N. Y. 562) we find the following language used: "The rule of law is well established, undoubtedly, that where a liquidated sum is due, the payment of part only, although accepted in satisfaction, is not, for want of consideration,

a discharge of the entire indebtedness, but this rule is not looked upon with favor and is confined strictly to cases falling within it." In *Fuller* v. *Kemp* (138 N. Y. 231, 237) it was said: "Where the demand is liquidated, and the liability of the debtor is not in good faith disputed, a different rule has been applied. In such cases the acceptance of a less sum than is the creditor's due, will not of itself discharge the debt, even if a receipt in full is given." And in *Simons* v. *Supreme Council American Legion of Honor* (178 N. Y. 263, 265) the point was stated in these words: "Now it is the settled law of this state that if a debt or claim be disputed or contingent at the time of payment, the payment, when accepted, of a part of the whole debt is a good satisfaction and it matters not that there was no solid foundation for the dispute." And in *Eames Vacuum Brake Co.* v. *Prosser* (157 N. Y. 289, 301) this court said: "It is only in cases where a dispute has arisen between the parties as to the amount due and a check is tendered on one side in full satisfaction of the matter in controversy that the other party will be deemed to have acquiesced in the amount offered by an acceptance and a retention of the check." The term "liquidated," therefore, when used in connection with the subject of accord and satisfaction has reference to a claim which the debtor does not dispute; a claim which he admits to be due but attempts to satisfy by the payment of a smaller amount. Thus in *Nassoiy* v. *Tomlinson* (148 N. Y. 326) this court said: "A demand is not liquidated, even if it appears that something is due, unless it appears how much is due; and when it is admitted that one of two specific sums is due, but there is a genuine dispute as to which is the proper amount, the demand is regarded as unliquidated, within the meaning of that term as applied to the subject of accord and satisfaction."

In this case before us, the full amount claimed by the plaintiffs was not admittedly due. The fact that the contract called for a stated amount or an amount which could

be easily figured according to deliveries did not make the claim liquidated within this meaning of the law as applied to accord and satisfaction. The term "liquidated" has an entirely different meaning in this connection than it has when used to determine whether or not interest is payable upon a recovery. The amount claimed by the plaintiffs and specified in the contract was repudiated by the defendant. He denied that he owed the money. He disputed the plaintiffs' demand. The contract had not been fulfilled and completed. Deliveries had not been made as called for. The goods were rotten and decayed, and not as warranted. For the purpose of this subject, to my mind, it makes no difference whether the defendant had a claim for breach of warranty or whether he had a right to reject or claimed a right to reject the imperfect goods. The fact still exists that he insisted with the plaintiffs that he should not be obliged to pay for articles he had not purchased. It is a statement inconsistent with the fact to say that the plaintiffs' claim was liquidated in the sense that it was admitted and acknowledged to be due by the defendant. He disputed it at every step, and sent to the plaintiffs written evidence to justify the honesty and good faith of his statements. Thus there was a difference between these parties over the amount due on this contract. If the plaintiffs had sued the defendant for the full amount, the latter could have defended. There was some evidence at least to indicate that the onions were rotten at the heart when delivered to the railroad. Thus, there never had been a complete delivery and the defendant might have defended, or if there had been acceptance and no rejection within a reasonable time, then the defendant having given notice, could have counterclaimed on his warranty. However we look at it there was relief at law in some form for the defendant. He was not obliged to pay for rotten onions.

Thus within all the cases the claim of the plaintiffs

was not liquidated within the meaning of that term as used in this connection. It was a disputed claim. The plaintiffs knew it was disputed. They knew also that the checks and notes which they received and cashed were received in full payment of their disputed claim. They could not under these circumstances keep the money and reject the conditions attached to payment. Having accepted payment the conditions attached and the balance of $801.29 has been satisfied.

Instead of making the deductions in the manner pursued in this case the defendant might have sued the plaintiffs for his damages for breach of warranty. He had a claim against the plaintiffs. Assuming that the plaintiffs' claim was the full amount of the contract price, the defendant could say: " Well, I will pay you the contract price upon your paying to me the amount of my claim. I do not know how much it is. It figures up somewhere between 3 and 50 per cent of the amount of certain car shipments." To this the plaintiffs could reply. " I will give you $801.29 in satisfaction and payment of your claim." This the defendant accepts. Can there be any question about this being an accord and satisfaction of the defendant's claim? The defendant certainly could not thereafter sue upon it. His claim for damages had been paid in full. The settlement was binding upon him, and binding upon the plaintiffs. This is exactly what was done in this case. The defendant satisfied his claim for the amount mentioned and sent the balance to the plaintiffs in full settlement. The plaintiffs kept the money, and thus all claims were relinquished.

The law we have applied to these facts is in harmony with our earlier decisions and those of other courts.

In an action brought to recover a balance due on a shipment of certain lemons sold on an agreed price and delivered by the plaintiffs, wholesale fruit dealers in the city of New York, to the defendants, fruit dealers in St. Joseph, Missouri, it appeared that on the arrival of

the goods at St. Joseph the defendants notified the plaintiffs that a part of the lemons were defective in quality and condition, and that they would not receive the goods unless a rebate in price was made as to such part. The defendants sent a draft which represented the agreed price less the rebate claimed by the defendants which was received and collected by the plaintiffs who thereupon brought their action to recover the balance. It was held, Justice CULLEN writing the opinion, that a verdict was properly directed for the defendants. He said, " It is unnecessary to determine whether the defendants could accept part of the shipment or reject the remainder, or whether there was a warranty that would survive such acceptance. Whether right or wrong in their view of the law, the defendants disputed their liability for the amount claimed. There was no request to submit to the jury the question of the *bona fides* of this dispute. That fact was assumed, and a claim may be honestly disputed upon a matter of law as well as a matter of fact. (*Woodruff* v. *Woodruff*, 52 N. Y. 53.) Therefore, payment of a less amount than that claimed would constitute a valid accord and satisfaction." (*Hills* v. *Sommer*, 53 Hun, 392, 393.)

The same law was applied by Mr. Justice HISCOCK, now Chief Judge of this court, when writing for the Appellate Division of the fourth department in *Whitaker* v. *Eilenberg* (70 App. Div. 489, 493), regarding a dispute over a shipment of unfit grapes. The opinion states: " It is true that there must be some sufficient reason and consideration to render a payment of less than the amount originally and primarily due a full satisfaction thereof. If plaintiff's claim were liquidated and undisputed, defendant would not be able to satisfy the same by paying part thereof. But in this case there is a sufficient consideration for treating the payments made as a full satisfaction. Independent of the question whether defendant by his notices of October twentieth

established a new relation which should govern the future shipments, there is nothing which impugns the apparent good faith of his claim that the shipments received by him on and after October nineteenth were inferior and below the grade called for by his contract. Plaintiff has scarcely questioned the fact that the grapes were more or less damaged and defective. He does, it is true, dispute somewhat defendant's claim as to what the terms and meaning of the original contract were. But this does not at all deprive defendant of the force of his position, duly taken, that the goods which he received were not what he was entitled to, thereby furnishing a reason and consideration for a less price than originally fixed; that he has paid this and plaintiff accepted it, thus making a complete settlement and satisfaction of their dealings."

A like dispute arose over an unpaid balance for the sale of goods in *Milford Spinning & Weaving Corporation* v. *Manowitz* (203 App. Div. 415), and a like ruling was made. This court in *Jaffray* v. *Davis* (124 N. Y. 164, 169) laid down the rule to be applied in these accord and satisfaction cases as follows: " That a creditor cannot bind himself by a simple agreement to accept a smaller sum in lieu of an ascertained debt of a larger amount, such an agreement being *nudum pactum*, but if there be any benefit or even any legal possibility of benefit to the creditor thrown in, that additional weight will turn the scale and render the consideration sufficient to support the agreement." Reviewing the cases wherein great dissatisfaction had been expressed with the rule in *Pinnel's Case* (5 Co. R. 117), " that payment of a lesser sum on the day in satisfaction of a greater, cannot be any satisfaction for the whole," this court said: " These cases show in a striking manner the extreme ingenuity and assiduity which the courts have exercised to avoid the operation of the ' rigid and rather unreasonable rule of the old law.' " See, also, *Post* v. *Thomas* (212 N. Y. 264, 273), wherein it was said: " It is the settled law of

this state that if a debt or claim be disputed or contingent at the time of payment the payment when accepted of a part of the whole debt is a good satisfaction, and it matters not that there was no solid foundation for the dispute. The test in such cases is, was the dispute honest or fraudulent? If honest it affords the basis for an accord between the parties, which the law favors, the execution of which is the satisfaction. (*Simons* v. *Supreme Council American Legion of Honor*, 178 N. Y. 263.)

" The law wisely favors settlements, and where there is a real and genuine contest between the parties and a settlement is had without fraud or misrepresentation for an amount determined upon as a compromise between the conflicting claims such settlement should be upheld, although such amount is materially less than the amount claimed by the person to whom it is paid."

Chief Justice FULLER in *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Clark* (178 U. S. 353, 365) fully covered this subject in writing the law as we have here stated it. He said: " The result of the modern cases is that the rule only applies when the larger sum is liquidated, and when there is no consideration whatever for the surrender of part of it; and while the general rule must be regarded as well settled, it is considered so far with disfavor as to be confined strictly to cases within it." The opinion quotes from *Fire Insurance Association, Ltd.*, v. *Wickham* (141 U. S. 564, 577) the following: " If there be a *bona fide* dispute as to the amount due, such dispute may be the subject of a compromise and payment of a certain sum as a satisfaction of the entire claim, but where the larger sum is admitted to be due, or the circumstances of the case show that there was no good reason to doubt that it was due, the release of the whole upon payment of part will not be considered as a compromise, but will be treated as without consideration and void."

Not only do we find in this case before us an honest dispute regarding the amount due, but we also find a

consideration for the release of the balance due in the surrender by the defendant of his claim for damages under the breach of warranty and the satisfaction of his debt or claim against the plaintiffs. (See, also, 23 Columbia Law Review, 479, 482.)

These views prevail in other States. (*Ostrander* v. *Scott*, 161 Ill. 339; *First National Bank* v. *White-Dulaney Co.*, 123 Wash. 220; *Tanner* v. *Merrill*, 108 Mich. 58; *Holman Manufacturing Co.* v. *Dapin*, 181 Wis. 97; *Connecticut River Lumber Co.* v. *Brown*, 68 Vt. 239; *Hull* v. *Johnson & Co.*, 22 R. I. 66; *Pollman & Bros. C. & S. Co.* v. *City of St. Louis*, 145 Mo. 651; *Stanley-Thompson Liquor Co.* v. *Southern Colorado Mercantile Co.*, 65 Colo. 587.)

Some difficulty seems to have been created by the cases of *Windmuller* v. *Goodyear Tire & Rubber Co.*, 123 App. Div. 424; *Kleinfelter* v. *Granger*, 136 N. Y. Supp. 485, and *Frank* v. *Vogt*, 178 App. Div. 833.) These cases, however, have not been followed in the more recent decision of *Hettrick Mfg. Co.* v. *Barish*, affirmed by the Appellate Division of the first department upon the opinion of Mr. Justice BIJUR at the Appellate Term. (See N. Y. L. J. May 3, 1924, p. 479, and 199 N. Y. Supp. 755.)

Therefore, the judgments below must be reversed and judgment directed for the defendant dismissing the complaint, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.