CHARLES BOVERMAN and Another, Doing Business under the Firm Name and Style of FAIR WOOLEN COMPANY, Respondents, v. JACOB KATZ and Another, Doing Business under the Firm Name and Style of KATZ & ALEXANDER, Appellants.

Supreme Court, Appellate Term, First Department, April 23, 1930.

*David E. Singer*, for the appellants.

*Edward Fingerman*, for the respondents.

CALLAHAN, J. Plaintiffs sold defendants twenty pieces of chinchilla. On examination by a sponger, ten were found satisfactory and ten rejected and plaintiffs were notified to call at the sponger's for those rejected. They failed to do so. Defendants

retained the ten satisfactory pieces. Two months later they sent a check to plaintiffs for the goods retained at the agreed price per yard. This check showed the total yardage delivered, that claim was made for credit for the goods rejected and that the check was in full payment of all invoices to date. Plaintiffs certified and later cashed the check. The question involved herein is whether by acceptance of part of the goods and thus becoming liable to pay therefor, the plaintiffs, claim became liquidated, and whether there was any consideration for the attempted accord and satisfaction.

In *Nassoiy* v. *Tomlinson* (148 N. Y. 326, 330) the court said: " A demand is not liquidated even if it appears that something is due, unless it appears how much is due, and when it is admitted that one of two specific sums is due, but there is a genuine dispute as to which is the proper amount, the demand is regarded as unliquidated, within the meaning of that term as applied to the subject of accord and satisfaction."

In *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Clark* (178 U. S. 353) the rule was stated as follows: " And the cases are many in which it has been held that where an aggregate amount is in dispute, the payment of a specified sum conceded to be due, that is, by including certain items but excluding disputed items on condition that the sum so paid shall be received in full satisfaction, will be Sustained as an extinguishment of the whole." (See, also, *Schnell* v. *Perlmon*, 238 N. Y. 362.)

The rule in *Pinnel's Case* (5 Coke, 17; 77 Eng. Rep. 237), that the payment of a part of an amount admittedly due will not effect an accord and satisfaction is not held in favor by modern authorities and is limited strictly to those cases clearly within the rule. As was said by Chief Justice FULLER in *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Clark* (*supra*): " The result of the modern cases is that the rule only applies when the larger sum is liquidated, and when there is no consideration whatever for the surrender of part of it; and while the general rule must be regarded as well settled, it is considered so far with disfavor as to be confined strictly to cases within it." In the present case the larger or whole claim was not liquidated but, at most, a part thereof.

While the acceptance by the defendants herein of part of the goods was an assertion of the divisibility of the contract, there still remained but one contract and there was a dispute concerning the amount plaintiffs were entitled to collect thereunder at the time of the payment. The acceptance of a check marked in full payment, although the amount thereof was the agreed price for the part of the goods accepted, amounted to an accord and satisfaction, as

the parties continued to dispute the plaintiffs' claim of their right to recover a greater sum on the contract This was not the payment of another admitted and independent liability as in *Mance* v. *Hossington* (205 N. Y. 33).

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, LYDON, CALLAHAN and PETERS, JJ.