18 REALTY CORP., Landlord, *v.* ISABELLE PALEY, Tenant.

Municipal Court of the City of New York, Borough of Manhattan, July 5, 1945.

*I. Cyrus Gordon* and *Carl Rachlin* for landlord.

*Samuel Randel* for tenant.

DI PIRRO, J.   This proceeding was instituted by the landlord to recover possession of the fourth floor of premises at 18 West 57th Street, New York City, by reason of the nonpayment of part of the monthly rental for the months commencing February and continuing through June, 1945.

It appears that a lease had been entered into between the parties for the use of the premises in question, for commercial purposes, on September 26, 1944.   This lease provided for a monthly rental of $141.67.   The monthly rental of $141.67 was paid by the tenant to the landlord until January, 1945.   From February to June, 1945, the tenant has paid the sum of $115 monthly.

The landlord now claims that there is due to it the sum of $133.35 computed on the basis of a balance of $26.67 monthly for the five-month period from February to June, 1945.   The tenant, on the other hand, contends that the rent due to the landlord in accordance with the formula promulgated by the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1945, ch. 315) is $115 monthly; that the institution of a proceeding in the Supreme Court to fix the amount of the rent in accordance with the provisions of the Commercial Rent Law precludes this court from making any finding as to the rental in excess of $115; and, in addition, that an accord and satisfaction has been spelled out as a matter of law when the landlord accepted the sum of $115 for the monthly rentals that were honestly disputed.

The evidence upon the trial demonstrated that two prior leases had been entered into between the tenant and the landlord's predecessor in title.   The monthly rental " reserved and payable " in each of these leases was $125.   The tenant, however, was given an allowance in lieu of decorating amounting to the sum of $300 and paid her monthly rental of $125 by deducting therefrom the sum of $25 for the year's period.

There is no question in my mind that chapters 3 and 315 of the Laws of 1945 are constitutional.   My colleague, Mr. Justice MICHAEL R. MATTEO, in a learned and exhaustive opinion has set forth the law on this subject.   (See *Twentieth Century Associates* v. *Waldman*, 184 Misc. 24▮; see, also, *Matter of Cohen* v. *Starke*, 269 App. Div. 256.)

I do not agree with the views expressed in *Kuperschmid* v. *Globe Brief Case Corp.* (184 Misc. 1022).

The next question to dispose of is the monthly rental that became due. In this connection it is worth noting that the statute (§ 2, subd. [e]) specifically recites that in fixing the amount of the rental, the basis shall be the rental that is " reserved or payable ".

On March 1, 1943, the date upon which the 15% is to be added, the rent that was reserved and payable in the lease between this tenant and the landlord's predecessor was $125. The allowance for decorating, I hold, is not to be considered as a sum that changed the amount of the rental that was reserved and payable. So that on the basis of $125, plus the additional statutory 15%, the monthly rental in effect on February 1, 1945, would be $143.75. The sum stipulated in the lease is therefore below the ceiling.

I find that there was no accord and satisfaction. The amount of the rental was fixed both by lease and by statute. The rental provided for in the lease was less than the sum prescribed by statute. The payment of a sum less than either of these two amounts and the acceptance thereof by the landlord, did not create an accord and satisfy the payment of a liquidated and stipulated rental. (*Irvine* v. *Millbank,* 56 N. Y. 635; *Schnell* v. *Perlmon,* 238 N. Y. 362.)

The fact that the landlord instituted a proceeding to fix the rent for the months in question is of no avail to the tenant in this proceeding. I make no attempt to pass upon that proceeding, but it would seem, as has been previously pointed out, that the rental reserved in the lease was less than the ceiling fixed by statute and the landlord is bound by the terms of the lease.

I therefore find that the landlord is entitled to a final order and judgment in the sum of $133.35 with interest and the clerk of the court is hereby directed to enter judgment accordingly Ten days' stay.