**GRAHAM v. TALLER & COOPER, Inc.**

Civ. A. No. 9753.

United States District Court
E. D. New York.

June 28, 1950.

Lotterman & Tepper, New York City (Louis A. Tepper, New York City, of counsel), for defendant for motion.

J. Bertram Wegman, (of Wegman, Epstein & Burke), New York City (Myron L. Shapiro, New York City, of counsel), for plaintiff opposed.

BYERS, District Judge.

This is a defendant's motion to dismiss the plaintiff's first cause of action, and for summary judgment thereon for defendant. Thus is brought into question the efficacy of the third defense pleaded in the answer, namely: That on or about June 18, 1948, for a good and valuable consideration the plaintiff released and discharged the defendant "from any and all liability arising out of the matters sued upon herein" as supported by the documentary evidence.

The issue depends upon the legal effect to be given to words written upon the back

of a check given by defendant to plaintiff on that day in the sum of $145.30, being two weeks' salary called vacation pay. At the same time he received a separate check for $72.65, being one week's salary due him at that date.

The typed words were: "This check constitutes payment in full of any and all salaries, sums and obligations due from Taller & Cooper Inc. and/or Benjamin Cooper (maker) to the payee. Acceptance of this check by payee and his endorsement thereon, constitutes a full release from him to Taller & Cooper Inc. and/or Benjamin Cooper."

The plaintiff's authorized endorsement of this check and its negotiation by him are relied upon to sustain the motion. If all that is involved were the fact of plaintiff's discharge by defendant, and his consequent severance from its employment, decision would be automatic.

There is, however, an exterior question which cannot be so promptly disposed of.

When plaintiff entered the defendant's employ, he subscribed to two $500 debentures, and in the indenture under which they were issued it is provided in paragraph Fourteenth that an employee being the owner and holder of a debenture, shall not be discharged for cause unless the same be sanctioned by the indenture Trustees after a hearing concerning which the provisions are quite explicit and detailed.

There is nothing before the Court, including the plaintiff's deposition taken at the defendant's instance, to indicate whether the plaintiff's discharge was for cause; and if so whether the stipulated procedure was followed. Presumably it was not, for the defendant's argument is that, if it breached the said contract with the plaintiff, his acceptance of the $145.30 check with its endorsement is a complete release. Apparently this means that all which he could have hoped for by having the hearing would be a finding that his discharge for alleged cause was nugatory, and that in turn would result in his having a further claim for salary, for which he gave the release in consideration of two weeks' vacation pay.

This overlooks, I think, that the contract right to a hearing was an essential element of his status with the defendant. If a surrender thereof in terms had been incorporated in the form which was employed, his release of that right would have been explicit, but the significant expression was omitted. Nor does it follow that the only outcome to be anticipated of such a hearing would have been the payment of more wages than he received; it is not to be regarded as impossible that, if the Trustees should have voted that his discharge for cause was unwarranted, he might have been reinstated and continued in defendant's employ.

Whether the plaintiff waived that right would seem to lie in the testimony to be adduced rather than upon the language of the release clause which has been quoted.

An examination of the cited decisions of the New York Courts teaches that whether a general release is to be treated as including all possible claims depends upon the purpose for which it was given; that even though it be general in form, it cannot be held, as a matter of law, that a given claim was barred thereby unless it be shown that the subject-matter was actually in question at the giving of the release. See: Mitchell v. Mitchell, 170 App. Div. 452, 156 N.Y.S. 76; Simon v. Simon, 274 App.Div. 447, 84 N.Y.S.2d 307; Farnham v. Farnham, 204 App.Div. 573, 198 N.Y.S. 771; Schnell v. Perlmon, 238 N.Y. 362, 144 N.E. 641, 34 A.L.R. 1023. The last named contains a helpful discussion of the necessary showing to make out an accord and satisfaction.

Amann v. Kemper, 232 App.Div. 55, 248 N.Y.S. 646, did not involve a motion for judgment, but an erroneous refusal to charge concerning the contested question of the presence on a check of comparable language to that shown here. The opinion contains no discussion of the facts, apart from which no decision can be really understood.

I cannot assume the responsibility of deciding, upon these motion papers and as a matter of law, that the plaintiff intended to release the defendant from its apparent

breach of the contractual obligations created in the indenture under which the debentures were issued. The denial of the motion follows, without prejudice of course to its renewal at the trial at an appropriate time.