NATALIE M. PRESBREY, Respondent, *v.* OLIVER M. PRESBREY, Appellant.

First Department, December 9, 1958.

*Philip L. Leit* for appellant.

*Daniel F. Scanlan* for respondent.

*Per Curiam.* This is an appeal from an order which denied the defendant's motion for summary judgment dismissing the second cause of action in the complaint for money had and received.

The parties herein were married in New York, December 27, 1930. Thereafter they lived together until about September 5, 1951, when, differences having arisen between them, they began living separate and apart.

By agreement, dated July 3, 1952, in which the parties declared themselves "desirous of settling their property rights", certain provisions were made by defendant for the support and maintenance of the plaintiff wife and their children.

Paragraph "9" of the agreement stated: "9. Except as herein to the contrary provided, the parties shall and do hereby mutually remise, release and forever discharge each other from any and all actions, suits, debts, claims, demands and obligations whatsoever, both in law and in equity, which either of them ever had, now has, or may hereafter have, against the other upon, or by reason of, any matter, cause or thing up to the date of this agreement, it being the intentions of the parties that henceforth there shall be as between them only such rights and obligations as are specifically provided in this agreement."

The plaintiff in her second cause of action seeks to recover the sum of $6,621, one half of the amount which she claims defendant received in 1950, by a check to their joint order, for the sale of a house in Illinois which the parties owned by the entirety. The defendant pleaded a release and moved to dismiss the second cause of action.

Reading the agreement in its entirety it is clear that there was no reservation of claim, express or by implication, nor any language used to indicate the existence of a separate obligation intended to be exempt from the provisions of the document. This was a property right, an obligation which, if it existed, had its maturity prior to the execution of the agreement, and not a demand which originated at the time of the release or subse-

quent thereto, or even one which had a subsequent maturation date.

This case may be distinguished from *Simon* v. *Simon* (274 App. Div. 447), an action in replevin, for there under either version of the testimony of the parties no dispute as to title to the articles existed at the time the agreement was executed. The court pointed out that while the release was general in form, '' in the absence of a showing that the title to these articles was actually in question at the time the release was given, it cannot be held as a matter of law, that any claims based on such title were barred '' (p. 449). The demand for the return of the articles and the subsequent refusal were made after the release.

A fair import of the language of the agreement involved here is that the claim is embraced within its provisions. (Cf. *Farnham* v. *Farnham,* 204 App. Div. 573.)

The order appealed from should be reversed on the facts and on the law and the motion to dismiss the second cause of action should be granted, with costs to the appellant.

BREITEL, J. P., RABIN, M. M. FRANK, McNALLY and STEVENS, JJ., concur.

Order unanimously reversed on the facts and on the law, with $20 costs and disbursements to appellant, and the motion to dismiss the second cause of action is granted, with $10 costs.